UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-10010 EFH

| | |
|---|---|
| CHRISTOPHER J. WALSH, as he is ADMINISTRATOR, CONSTRUCTION TEAMSTERS HEALTH AND WELFARE FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 379, <br> Plaintiffs <br><br> vs. <br><br> HILEE, INC., <br> Defendant <br><br> and <br><br> GIOIOSO BROS., INC. and THE MCCOURT CONSTRUCTION COMPANY, INC., <br> Reach-and-Apply Defendants <br><br> and <br><br> FLEET BANK, <br> Trustee | C.A. No. <br><br> RECEIPT # 61199 <br> AMOUNT $ 150 <br> SUMMONS ISSUED Yes <br> LOCAL RULE 4.1 ✓ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. Tom <br> DATE 1/4/05 <br><br> MAGISTRATE JUDGE Alexander |

## COMPLAINT FOR DELINQUENT CONTRIBUTIONS

### NATURE OF ACTION

1.   This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145, and §301 of the Labor Management Relations Act, 29 U.S.C. §185, by employee benefit plans and by a labor union to enforce the obligation to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Christopher Walsh is the Administrator of the Construction Teamsters Health and Welfare Fund. The Construction Teamsters Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 529 Main Street, Suite 205, Charlestown, Massachusetts, within this judicial district.

4. The Health and Welfare Fund is a multi-employer plan within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). It is hereinafter referred to as "the Fund."

5. Plaintiff International Brotherhood of Teamsters Local 379 is a labor union located at 529 Main Street, Suite 202, Charlestown, Massachusetts, within this judicial district. It is hereinafter referred to as "Local 379."

6. Defendant Hilee, Inc. is a Massachusetts corporation with a principal place of business at 100 Tremont Street, Everett, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12). It is hereinafter referred to as "Hilee."

7. Reach-and-Apply Defendant Gioioso Bros., Inc. (hereinafter "Gioioso") is a Massachusetts corporation with a principal place of business at 50 Sprague Street, Hyde Park, Massachusetts. Upon information and belief, Hilee has been working as a subcontractor to

Gioioso on recent projects. The Fund has a legal or equitable interest in any payments due Hilee from Gioioso for work conducted on these projects.

8. Reach-and-Apply Defendant The McCourt Construction Company, Inc. (hereinafter "McCourt") is a Massachusetts corporation with a principal place of business at 60 K Street, South Boston, Massachusetts. Upon information and belief, Hilee has been working as a subcontractor to McCourt on recent projects. The Fund has a legal or equitable interest in any payments due Hilee from McCourt for work conducted on these projects.

9. On information and belief, Fleet Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

10. On or about August 12, 1999, Hilee signed a collective bargaining agreement ("Agreement") with Local 379 of the International Brotherhood of Teamsters, AFL-CIO ("Union"), effective through June 1, 2004.

11. The Agreement obligates Hilee to make fringe benefit contributions to the Fund for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to the Fund for each hour worked. These payments must be made by the 20th day of the month following the month in which the work was performed and must be accompanied by Remittance Reports identifying the employees and hours for which the contributions are being paid. A copy of the relevant portions of the 1999-2004 Agreement is attached hereto as Exhibit A.

## COUNT I - VIOLATION OF ERISA -
## DELINQUENT CONTRIBUTIONS

12.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 11 above.

13.     On or about August 31, 2004, an auditor employed by the Fund conducted an audit of Hilee's books and records for the period May 1, 1999 through June 30, 2004.

14.     The Fund's auditor determined that Hilee owed the Funds $44,012.84 in unpaid contributions for the period covered by the audit.

15.     To date, Hilee has failed to pay the Fund the $44,012.84 in contributions due for the period May 1, 1999 through June 30, 2004 and is liable for additional obligations it may have incurred thereafter.

16.     The failure of Hilee to make contributions on behalf of all covered employees as required by the terms of the Fund and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

17.     Absent an order from this Court, the defendant will continue to fail to pay the monies it owes to the Fund as determined at the audit and refuse to submit Remittance Reports and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

18.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA
## DELINQUENT CONTRIBUTIONS

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20. The failure of Hilee to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of LMRA, 29 U.S.C. §185.

### COUNT THREE - REACH-AND-APPLY
### AGAINST GIOIOSO BROS., INC.

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

22. Upon information and belief, Hilee has been working as a subcontractor to Gioioso on recent projects. The Fund has a legal or equitable interest in any payments due Hilee from Gioioso for work conducted on these projects.

23. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Hilee.

24. The funds held by Gioioso cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

### COUNT FOUR - REACH-AND-APPLY
### AGAINST THE MCCOURT CONSTRUCTION COMPANY, INC.

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 above.

26. Upon information and belief, Hilee has been working as a subcontractor to McCourt on recent projects. The Fund has a legal or equitable interest in any payments due Hilee from McCourt for work conducted on these projects.

27. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Hilee.

28.  The funds held by McCourt cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a.  Order the attachment by trustee process of the bank accounts of Hilee held by Fleet Bank;

b.  Order the attachment of the machinery, inventory, and accounts receivable of Hilee;

c.  Enter a preliminary and permanent injunction enjoining Hilee from refusing or failing to make contributions to the Fund;

d.  Enter judgment in favor of the Fund in the amount of $44,012.84, plus any additional amounts determined by the Court to be owed by Hilee or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

e.  Enter a temporary restraining order against Gioioso and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Hilee on account of sums that are due or will hereafter become due Hilee from Gioioso;

f.  Enter a temporary restraining order against McCourt and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Hilec on account of sums that are due or will hereafter become due Hilec from McCourt; and

g.  Such further and other relief as this Court deems appropriate.

Respectfully submitted,

CHRISTOPHER WALSH, as he is
ADMINISTRATOR, of the
CONSTRUCTION TEAMSTERS
HEALTH AND WELFARE FUND, et al.

By their attorneys,

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  December 30, 2004

GAG/gag&ts
8903 03-372/complt.doc

# MASSACHUSETTS HEAVY CONSTRUCTION AGREEMENT



1999–2004

International Brotherhood
of Teamsters, AFL-CIO

## ARTICLE 20

### Health and Welfare

Beginning June 1, 1999 each Employer agrees to contribute to the Construction Teamsters Health and Welfare Fund the sum of Four Dollars and Ninety Cents ($4.90) per hour for each hour for which an employee receives pay, figured to the nearest quarter hour and an overtime hour shall be considered as a single contribution hour. But in no event shall the Employer be obligated to make contributions for more than 2,080 hours in any calendar year for any one of his employees.

Beginning December 1, 2000 the contribution rate shall be Five Dollars ($5.00).

Beginning December 1, 2001 the contribution rate shall be Five Dollars and Twenty-five Cents ($5.25).

The Trust shall be administered by six (6) Trustees. Three (3) of whom shall be Employer Trustees and Three (3) shall be Union Trustees. All payments shall be made to the fund by the twentieth (20th) of the month following the month they worked. The Fund shall be used for the purchase of payment of life and accidental death benefits, hospitalization, surgical, medical, sick and other welfare benefits as the Trustees may decide.

If an employee is absent because of illness or off-the-job injury for more than one (1) week and notifies the Employer of such absence, the Employer shall continue to make the required contributions of thirty-two (32) hours per week for a period of not more than four (4) weeks. If an employee is injured on the job, the Employer shall continue to pay the required contributions until such employee returns to work, provided however, such contributions shall be for thirty-two (32) hours per week and shall not be paid for a period of more than six (6) months. Failure of the Employer to comply with the provisions of this Article shall be a breach of contract. The Trustees or their duly designated representative shall have the right to examine the payroll records of any Employer to determine whether proper contributions are being made. In the event of any default under this Article by an Employer, the Union shall have the right to cease work and use picket lines against such defaulting Employer. Any cost, including legal fees, incurred by the Trustees in the collection of obligations to make payments due to the Welfare Fund shall be borne by the defaulting Employer.

## ARTICLE 21

### Pension Fund

This Pension Article shall supersede and prevail over any other inconsistent provisions or articles contained within this Agreement.

Commencing with the first day of June, 1999, and for the duration of the current collective bargaining

agreement between the Local Union and the Employer and any renewals or extension thereof, the Employer agrees to make payments to the New England Teamsters and Trucking Industry Pension Fund for each and every employee performing work within the scope of and/or covered by this collective bargaining agreement, whether such employee is a regular, probationary, temporary or casual employee, irrespective of his status as a member or non-member of the Local Union, from the first hour of employment subject to this collective bargaining agreement as follows:

For each hour or portion thereof, figured to the nearest quarter hour for which an employee receives pay or for which pay is due, the Employer shall make a contribution of Three Dollars and Seventy-six Cents ($3.76) to the New England Teamsters and Trucking Industry Pension Fund, and overtime hours shall be considered as single contribution hours. Payment hereunder shall not be more than 2,080 hours for any employee in any one year, January 1st to December 31st.

Commencing with the first day of December, 1999, the said hourly contribution rate shall be Three Dollars and Ninety-one Cents ($3.91) and commencing with the first day of December, 2000, the said hourly contribution rate shall be Four Dollars and Six Cents ($4.06). Commencing with the first day of December, 2001, the said contribution rate shall be Four Dollars and Twenty-one Cents ($4.21) and commencing with the first day of December, 2002, the said hourly contribution rate shall be Four Dollars and Thirty-six Cents ($4.36). Commencing with the first day of December, 2003, the said contribution rate shall be the same rate as that negotiated by the New England Freight Committee.

A maximum of $.15 will be contributed to the pension by the Employer if needed. If not needed it stays with the Employer. If the increase is above $.15 it will be taken out of the employee's hourly wages.

For purposes of this section, each hour for which wages are paid or due, or any portion thereof, figured to the nearest quarter hour, as well as hours of paid vacation, paid holidays and other hours for which pay is due or received by the employee, shall be counted as hours for which contributions are payable. In computing the maximum amount due any week, there shall be no daily limit on the number of hours for any one day in such week, whether such hours are performed on straight time or overtime rates, but payments shall be made at the amount set forth above.

If a regular employee (as defined in the collective bargaining agreement) is absent because of illness or off-the-job injury and notifies the Employer of such absence, the Employer shall continue to make the required contributions for a period of four (4) weeks, for forty (40) hours per week. If a regular employee is injured on the job, the Employer shall continue to pay the required contributions at the rate of forty (40)

hours for each such week until the employee returns to work; however, such contributions of forty (40) hours shall not be paid for a period of more than twelve (12) months.

The Employer agrees to and has executed a copy of the New England Teamsters and Trucking Industry Pension Fund Agreement and Declaration of Trust dated April 11, 1958 and accepts such Agreement and Declaration of Trust, as amended, and ratifies the selection of the Employer Trustees now or hereafter serving as such, and all action heretofore or hereafter taken by them within the scope of their authority under such Agreement and Declaration of Trust.

The parties agree that the Pension Plan adopted by the Trustees of New England Teamsters and Trucking Industry Pension Fund shall at all times conform to the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat its contributions made to the Fund as a deduction for income tax purposes.

It is also agreed that all contributions shall be made at such time and in such manner as the trustees shall reasonably require, and the Trustees shall have the authority to have an audit of the payroll and wage records of the Employer for all employees performing work within the scope of and/or covered by this collective bargaining agreement for the purpose of determining the accuracy of contributions to the Pension Fund and adherence to the requirements of this Article of the collective bargaining agreement regarding coverage and contributions. Such audit may, at the option of the Trustees, be conducted by an independent certified public accountant or a certified public accountant employed by the New England Teamsters and Trucking Industry Pension Fund.

If the Employer shall fail to make contributions to the Pension Fund by the twentieth (20th) day of the month following the month during which the employees performed work or received pay or were due pay within the scope of this collective bargaining agreement, up to and including the last completed payroll period in the month for which contributions must be paid, or if the Employer having been notified that its contributions to the Fund have been under reported and/or underpaid fails within twenty (20) days after such notification to make any required self audit and/or contributions found to be due, the Local Union shall have the right after an appropriate 72-hour notice to the Employer, to take whatever steps it deems necessary to secure compliance with this Agreement, any provisions of this collective bargaining agreement to the contrary notwithstanding and the Employer shall be responsible to the employees for losses resulting therefrom. Also, the Employer shall be liable to the Trustees for all costs of collecting the payments due together with the attorneys fees, and such interest, liquidated damages or penalties which the Trustees may assess or establish in their discretion. The Employer's liability for payment hereunder shall not be subject to the

grievance procedure and or arbitration if such is provided in this Agreement.

It is understood and agreed that once a payment or payments are referred to an attorney for collection by the Trustees of the New England Teamsters and Trucking Industry Pension Fund and/or the Local Union, the Local Union and its Business Agents or Chief Executive Officer shall have no right to modify, reduce or forgive the Employer with respect to its liability for unpaid contributions, interest, liquidated damages or penalty as may be established or assessed by the Trustees in their discretion against delinquent Employers.

No oral or written modification of this Article regarding Pensions and retirement shall be made by the Local Union or the Employer and, if made, such modification shall not be binding upon the employees performing work within the scope of this collective bargaining agreement and covered by this Article or upon the Trustees of the New England Teamsters and Trucking Industry Pension Fund.

## ARTICLE 22

### Arbitration & Grievance Procedures

A. Grievance Procedure: All grievances or disputes involving any controversy, dispute or misunderstanding arising as to the meaning, application or observance of any provisions of this Agreement shall be handled in the manner hereinafter set forth. It is

38

 

**FOR THE ASSOCIATION OR EMPLOYER:**

COMPANY NAME _Hiltore_

BY _Catherine C Gonsalvo_

TITLE _President_

DATE _8/12/99_

**FOR THE UNION:**

LOCAL _Teamsters Local 379_

BY _Phil W Welsh_

TITLE _Sec. Treas._

DATE _8/12/99_



52

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Christopher J. Walsh, as he is Administrator Construction Teamsters Health & Welfare Fund and International Brotherhood of Teamsters, Local 379 vs. Hilee, Inc., Defendant and Gioioso Bros., Inc. and The McCourt Construction Company, Inc., Reach-and-Apply Defendants

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X    II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   05-10010

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?   YES ☐   NO ☒
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? N/A

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☐ NO ☐   N/A   OR WESTERN SECTION: YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Gregory A. Geiman
ADDRESS  Segal, Roitman & Coleman, 11 Beacon Street, Suite #500, Boston, MA  02108
TELEPHONE NO.  (617) 742-0208

(Categfrm.rev - 3/97)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTOPHER J. WALSH, as he is ADMINISTRATOR, CONSTRUCTION TEAMSTERS HEALTH AND WELFARE FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 379

## DEFENDANTS
Hilee, Inc., Defendant
and
Gioioso Bros., Inc. and The McCourt Construction Company, Inc., Reach-and-Apply Defendants

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Anne R. Sills, Esquire
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans Excl Veterans | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a claim to collect unpaid benefit fund contributions, brought pursuant to ERISA, 29 U.S.C. Sec. 1132.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions): N/A
JUDGE _____  DOCKET NUMBER _____

DATE: 12/30/04

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG JUDGE ____