UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER J. WALSH, as he is ADMINISTRATOR, CONSTRUCTION TEAMSTERS HEALTH AND WELFARE FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 379,<br>    Plaintiffs<br><br>vs.<br><br>HILEE, INC.,<br>    Defendant<br><br>and<br><br>GIOIOSO BROS., INC. and THE MCCOURT CONSTRUCTION COMPANY, INC.,<br>    Reach-and-Apply Defendants<br><br>and<br><br>FLEET BANK,<br>    Trustee | C.A. No. 05-10010 EFH |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant Hilee, Inc. (hereinafter "Hilee") is a Massachusetts corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about August 17, 2005, issued a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $29,220.09, representing contributions owed to the Funds for the period from May, 1999 through June, 2004, together with interest on the unpaid and late-paid contributions, liquidated damages, and reasonable attorneys' fees and costs.

## **FACTS**

On or about August 12, 1999, Hilee signed a collective bargaining agreement ("Agreement") with Local 379 of the International Brotherhood of Teamsters, AFL-CIO ("Union"), effective through June 1, 2004. See Affidavit of Christopher Walsh ("Walsh Aff."), par. 2. The Agreement obligates Hilee to make fringe benefit contributions to the Fund for each hour worked by covered employees. Walsh Aff., par. 3. The Agreement further specifies the amount to be contributed by an employer to the Fund for each hour worked. Walsh Aff., par. 4. These payments must be made by the 20th day of the month following the month in which the work was performed and must be accompanied by Remittance Reports identifying the employees and hours for which the contributions are being paid. Id. A copy of the relevant portions of the 1999-2004 Agreement is attached to the Amended Complaint as Exhibit A.

On or about August 31, 2004, an auditor employed by the Fund conducted an audit of Hilee's books and records for the period May 1, 1999 through June 30, 2004, and concluded that Hilee owed $44,012.84 in fringe benefit contributions for the period of the audit. Walsh Aff., par. 5. Hilee was informed of the results of this audit via letter from the Funds' counsel, sent

2

certified mail on January 7, 2005. Walsh Aff., par. 6. Thereafter, the Funds' auditor commenced a further review of Hilee's payroll records in which he credited hours to Hilee's employees which, the auditor learned, had in fact been provided by other contractors on Hilee's behalf. Walsh Aff., par. 7. This review resulted in a final and fully liquidated amount owed of $40,522.20 in unpaid contributions for the period May 1, 1999 through June 30, 2004. Walsh Aff., par. 8.

On or about July 22, 2005, Hilee and the Fund entered into a Settlement Agreement containing a payment plan whereby Hilee was obligated to remit unpaid contributions and interest in the following manner:

> ➢ $10,000.00 to be paid immediately upon the execution of this Settlement Agreement;
> ➢ $10,000.00 to be paid within 30 days of the execution of this Settlement Agreement, but in any event, no later than July 30, 2005;
> ➢ $10,000.00 to be paid within 60 days of the execution of this Settlement Agreement, but in any event, no later than August 30, 2005; and
> ➢ All interest on the contributions being remitted under the terms of this Settlement Agreement to be paid within 90 days of the execution of this Settlement Agreement, but in any event, no later than September 30, 2005. For the purposes of this Settlement Agreement, the Fund will calculate interest on the most recent $30,000.00 in contributions owed, working backwards from June, 2004, at the rate of 4%.

Walsh Aff., par. 9. A copy of the Settlement Agreement is attached hereto as Exhibit A. Moreover, in Paragraph 2, Hilee agreed to release to the Fund the proceeds of the Fund's attachment by trustee process of Hilee's bank account; said attachment netted $2,851.92. In consideration for Hilee's compliance with these and other relevant provisions, the Fund agreed to forego the remaining $7,670.28 of the audit balance, along with liquidated damages and attorney's fees. However, Paragraph 4 of the Settlement Agreement clearly states as follows: "If Hilee breaches any of the terms of this Agreement, the entire audit balance of $40,522.20, plus interest, liquidated damages, and attorneys' fees, will immediately become due and payable." To

3

date, Hilee has failed and refused to remit to the Fund interest owed on the $30,000.00 in contributions it has remitted, which in accordance with the clear terms of the Settlement Agreement, was due on September 30, 2005. Walsh Aff., par. 11. See Letter from Attorney Geiman to Hilee, Inc., dated October 11, 2005, attached hereto as Exhibit B. As such, Hilee has breached the terms of the Settlement Agreement and the Fund now seeks collection of all amounts to which it is entitled under ERISA.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via a payroll audit that Hilee continues to owe the Fund $7,670.28 in unpaid benefit fund contributions due under the Agreement for the period from May, 1999 through June, 2004. Walsh Aff., par. 10. Further, prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Fund has ascertained that, pursuant to the terms of the Agreement, Hilee would owe $7,415.26 in interest on the entirety of the unpaid and late-paid contributions due if these contributions are paid by October 31, 2005. Walsh Aff., par. 12.

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the unpaid contributions, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, because the Agreement does not provide for liquidated damages, Hilee owes as liquidated

4

damages an additional amount equal to the interest owed. This would mean that Hilee owes an additional $7,415.26 as liquidated damages.

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $6,719.29. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Christopher Walsh as to Military Service, Infancy, and Incompetence.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Entry of Default Judgment be granted, and that judgment enter against Defendant Hilee, Inc. in the amount of $29,220.09, representing unpaid contributions for the period from May, 1999 through June, 2004, interest, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

CHRISTOPHER J. WALSH, as he is
ADMINISTRATOR, of the
CONSTRUCTION TEAMSTERS
HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA 02108
(617) 742-0208

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on __ 10/31/05__
/s/ _____

Dated: October 31, 2005
GAG/gag&ts
8903 03-372/memo-dj.doc

5

# SETTLEMENT AGREEMENT

Hilee, Inc. ("Hilee"), the Construction Teamsters Health and Welfare Fund ("Fund"), and the International Brotherhood of Teamsters, Local 379 ("Union") agree as follows:

WHEREAS, Hilee became signatory to the Massachusetts Heavy Construction Agreement ("Agreement") with the International Brotherhood of Teamsters, AFL-CIO on August 12, 1999; and

WHEREAS, pursuant to the terms of the Agreement, Hilee is obligated to make fringe benefit contributions to the Fund for each hour worked by covered employees, and the Agreement specifies the amount to be contributed by an employer to the Fund for each hour worked; and

WHEREAS, an audit of Hilee's payroll records that was conducted on or about May 13, 2005 revealed that Hilee failed to make all required contributions and now owes the Fund $40,522.20 in contributions for work performed between May, 1999 and June, 2004; and

WHEREAS, as a result of its failure to make all payments it also owes interest on the delinquent contributions, along with liquidated damages and attorney's fees; and

WHEREAS, the Fund sued Hilee in United States District Court for the District of Massachusetts in <u>Christopher J. Walsh, as he is Administrator, Construction Teamsters Health and Welfare Fund and International Brotherhood of Teamsters, Local 379 v. Hilee, Inc. and Gioioso Bros., Inc. and The McCourt Construction Company, Inc., Reach-and-Apply Defendants</u>, C.A. No. 05-10010 EFH; and

WHEREAS, the parties wish to resolve this matter;

NOW, THEREFORE, the parties agree as follows:

1. Hilee will pay its audit balance and interest obligations as follows:

   - $10,000.00 to be paid immediately upon the execution of this Settlement Agreement;
   - $10,000.00 to be paid within 30 days of the execution of this Settlement Agreement, but in any event, no later than July 30, 2005;
   - $10,000.00 to be paid within 60 days of the execution of this Settlement Agreement, but in any event, no later than August 30, 2005; and
   - All interest on the contributions being remitted under the terms of this Settlement Agreement to be paid within 90 days of the execution of this Settlement Agreement, but in any event, no later than September 30, 2005. For the purposes of this Settlement Agreement, the Fund will calculate interest on the most recent $30,000.00 in contributions owed, working backwards from June, 2004, at the rate of 4%.

JUN-30-05 09:33 FROM:SEGAL/ROITMAN+COLEMAN    ID:6177422187    PAGE    4/4

2.  Upon signing this Settlement Agreement, Hilee will contact Fleet Bank and take all necessary steps to release to the Fund any amounts currently attached pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process.

3.  This Settlement Agreement will not become effective until Hilee provides the Fund with satisfactory documentation demonstrating that Hilee provided health insurance for the employees Phil Picco and Joseph Brancato during the audit period of May, 1999 through June, 2004.

4.  If Hilee breaches any of the terms of this Agreement, the entire audit balance of $40,522.20, plus interest, liquidated damages, and attorneys' fees, will immediately become due and payable.

5.  The Fund will seek the entry of a default judgment against Hilee in the ongoing litigation entitled <u>Christopher J. Walsh, as he is Administrator, Construction Teamsters Health and Welfare Fund and International Brotherhood of Teamsters, Local 379 v. Hilee, Inc. and Gioioso Bros., Inc. and The McCourt Construction Company, Inc., Reach-and-Apply Defendants</u>, C.A. No. 05-10010 EFH, but the Fund will agree to not take any action to enforce the Court's judgment unless Hilee should breach the terms of the instant Settlement Agreement.

Hilee, Inc.

*Catherine C. Consalvo*
Date: 7/6/05

Construction Teamsters Health and Welfare Fund

_____
Date: _____

International Brotherhood of Teamsters, Local 379

_____
Date: _____

ARS/gag&tc
8903 03-372/setlagr.doc

2

2. Upon signing this Settlement Agreement, Hilee will contact Fleet Bank and take all necessary steps to release to the Fund any amounts currently attached pursuant to the Court's Order on Motion for an Ex Parte Order of Attachment by Trustee Process.

3. This Settlement Agreement will not become effective until Hilee provides the Fund with satisfactory documentation demonstrating that Hilee provided health insurance for the employees Phil Picco and Joseph Brancato during the audit period of May, 1999 through June, 2004.

4. If Hilee breaches any of the terms of this Agreement, the entire audit balance of $40,522.20, plus interest, liquidated damages, and attorneys' fees, will immediately become due and payable.

5. The Fund will seek the entry of a default judgment against Hilee in the ongoing litigation entitled <u>Christopher J. Walsh, as he is Administrator, Construction Teamsters Health and Welfare Fund and International Brotherhood of Teamsters, Local 379 v. Hilee, Inc. and Gioioso Bros., Inc. and The McCourt Construction Company, Inc., Reach-and-Apply Defendants</u>, C.A. No. 05-10010 EFH, but the Fund will agree to not take any action to enforce the Court's judgment unless Hilee should breach the terms of the instant Settlement Agreement.

*Hilee, Inc.*

_____
Date:_____

*Construction Teamsters Health and Welfare Fund*

_[signature: Christopher J. Walsh]_
Date: 7/22/05

*International Brotherhood of Teamsters, Local 379*

_[signature: John P. Mahoney]_
Date: 7/22/05

ARS/gag&ts
8903 03-372/settlagr.doc

2

# SEGAL, ROITMAN & COLEMAN

DONALD J. SIEGEL
PAUL F. KELLY
IRA SILLS
MARY THOMAS SULLIVAN*
SHELLEY B. KROLL
BURTON E. ROSENTHAL
ANNE R. SILLS
KATHRYN S. SHEA
INDIRA TALWANI**
ELIZABETH ARIENTI SLOANE
MICHAEL J. DOHENY
STEPHANIE PRATT-MITRA
GREGORY A. GEIMAN
RACHEL E. ROSENBLOOM

COUNSELLORS AT LAW
11 BEACON STREET
SUITE 500
BOSTON, MASSACHUSETTS 02108

ROBERT M. SEGAL (1915-1999)

OF COUNSEL
RICHARD W. COLEMAN
HAROLD B. ROITMAN
JOANNE F. GOLDSTEIN
JOSEPH P. MCKENNA, JR.
PAUL S. HOROVITZ

\* Also Admitted to the New Hampshire Bar

\*\*Also Admitted to the California Bar

October 11, 2005

**VIA FACSIMILE & MAIL**
Kay Consalvo
Hilee Inc.
100 Tremont Street
Everett, MA 02149

Re: <u>Christopher J. Walsh, as he is Administrator, Construction Teamsters Health and Welfare Fund and International Brotherhood of Teamsters, Local 379 vs. Hilee, Inc. and Gioioso Bros., Inc. and The McCourt Construction Company, Inc., Reach-and-Apply Defendants</u>
C.A. No. 05-10010 EFH

Dear Kay:

I am writing in response to your telephone call of October 6. Hilee, Inc. and the Fund entered into a Settlement Agreement regarding the above-referenced litigation on or about July 22, 2005. A copy of the Settlement Agreement is enclosed for your reference. Section 1 of the Settlement Agreement states as follows:

1. Hilee will pay its audit balance and interest obligations as follows . . .

   ➢ All interest on the contributions being remitted under the terms of this Settlement Agreement to be paid within 90 days of the execution of this Settlement Agreement, but in any event, no later than September 30, 2005. For the purposes of this Settlement Agreement, the Fund will calculate interest on the most recent $30,000.00 in contributions owed, working backwards from June, 2004, at the rate of 4%.

As I told you in our phone conversation, the Fund cannot agree to forego interest on delinquent contributions. Under the Employee Retirement Income Security Act, 29 U.S.C. §1001, et seq. ("ERISA"), such an act might be viewed as a prohibited transaction which could result in liability for the Fund's Trustees. That is the very reason why the Settlement Agreement

TEL: (617) 742-0208 • FAX: (617) 742-2187

you signed contained a provision for the collection of interest 30 days after the final $10,000.00 payment had been made toward the contributions owed. The Settlement Agreement is very clear on this point.

At this time, according to the Fund office, Hilee, Inc. owes $7,058.33 in interest on the delinquent contributions. (This is less than the amount quoted in my October 5 letter because the first amount mistakenly included interest owed on the entire audit balance as opposed to the most recent $30,000.00, as agreed upon.) Please remit a check for this amount to my attention. In the meantime, feel free to call with any questions.

Very truly yours,

Gregory A. Geiman

Encl.

cc:   Christopher Walsh

GAG/gag&ts
8903 03-372/consalvo-hilee13.doc