## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER J. WALSH, as he is ADMINISTRATOR, CONSTRUCTION TEAMSTERS HEALTH AND WELFARE FUND and INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 379, Plaintiffs<br><br>vs.<br><br>HILEE, INC., Defendant<br><br>and<br><br>GIOIOSO BROS., INC. and THE MCCOURT CONSTRUCTION COMPANY, INC., Reach-and-Apply Defendants<br><br>and<br><br>FLEET BANK, Trustee | C.A. No. 05-10010 EFH |

### AFFIDAVIT OF CHRISTOPHER WALSH IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

1. My name is Christopher Walsh. I am the Administrator of the Construction Teamsters Health and Welfare Fund ("Fund").

2. On or about August 12, 1999, Hilee, Inc. ("Hilee") signed a collective bargaining agreement ("Agreement") with Local 379 of the International Brotherhood of Teamsters, AFL-CIO ("Union"), effective through June 1, 2004.

3. The Agreement obligates Hilee to make fringe benefit contributions to the Fund for each hour worked by covered employees.

4. The Agreement further specifies the amount to be contributed by an employer to the Fund for each hour worked. These payments must be made by the 20th day of the month following the month in which the work was performed and must be accompanied by Remittance Reports identifying the employees and hours for which the contributions are being paid.

5. On or about August 31, 2004, an auditor employed by the Fund conducted an audit of Hilee's books and records for the period May 1, 1999 through June 30, 2004, and concluded that Hilee owed $44,012.84 in fringe benefit contributions for the period of the audit.

6. Hilee was informed of the results of this audit via letter from the Funds' counsel, sent certified mail on January 7, 2005.

7. Thereafter, the Funds' auditor commenced a further review of Hilee's payroll records in which he credited hours to Hilee's employees which, the auditor learned, had in fact been provided by other contractors on Hilee's behalf.

8. This review resulted in a final and fully liquidated amount owed of $40,522.20 in unpaid contributions for the period May 1, 1999 through June 30, 2004.

9. On or about July 22, 2005, Hilee and the Fund entered into a Settlement Agreement containing a payment plan, whereby Hilee was obligated to remit unpaid contributions and interest in the manner described in the document.

10. To date, Hilee owes $7,670.28 in unpaid benefit fund contributions for the audit period of May 1, 1999 through June 30, 2004.

11. Further, to date, Hilee has failed and refused to remit to the Fund interest owed on the $30,000.00 in contributions it has remitted, which in accordance with the clear terms of the Settlement Agreement, was due on September 30, 2005.

12. Hilee would owe $7,415.26 in interest on the entirety of the unpaid and late-paid contributions due if these contributions are paid by October 31, 2005.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 26th DAY OF OCTOBER, 2005.

_____
Christopher Walsh

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Affidavit has been served by certified and first class mail upon the defendant Hilee, Inc. at 100 Tremont Street, Everett, MA 02149 this 31st day of October, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
8903 03-372/affwalsh-motdefjd.doc